UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAMANDA ADDISON | CIVIL ACTION |
| VERSUS | NO. 07-152 |
| NATIONAL LLOYD'S INSURANCE COMPANY, ET AL | SECTION "C" (5) |

ORDER AND REASONS

This matter comes before the Court on the issue of its subject matter jurisdiction in this removed action. Having considered the record, the memorandum and the law, the Court has determined that remand is appropriate for the following reasons.

The plaintiff filed suit in state court for damages caused by Hurricane Katrina and allegedly due under her homeowner's policy. The defendant removed based on diversity. In the petition, the plaintiff invokes Louisiana's Valued Policy Law, La. Rev. Stat. §22:695 ("VPL"). (Petition, ¶ XI). In the memoranda on jurisdictional amount, the parties rely solely on the relevant policy limits of $87,000/$8,700/$34,800 with regard to the jurisdictional issue, and advise that the plaintiff's home has been transferred to a third party.

The parties may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999). In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. Id. This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. Id. It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied,

459 U.S. 1107 (1983).

Assuming that the property was a total loss, it is still the value of the plaintiff's claim, not the value of the underlying policy, that determines whether the jurisdictional minimum is satisfied.  This matter was filed in state court in August 2005 and has been pending in this Court for over four months.  Subject matter jurisdiction can not be assumed.

The Court finds that the allegations of the petition alone do not support a finding that it is facially apparent that the claims are likely above the jurisdictional minimum . No affirmative proof of the actual loss claimed  has been presented.  The Court finds that the defendant has failed to meet its burden of proof under these circumstances.

The Court is mindful that removal jurisdiction is strictly construed.  See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,  IT IS ORDERED that this matter be and hereby is REMANDED to the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, for lack of

jurisdiction under 28 U.S.C. § 1147(c).

    New Orleans, Louisiana, this 24th day of May, 2007.

                                    HELEN G. BERRIGAN
                                  UNITED STATES DISTRICT JUDGE